Curia, per
Butler, J.
It was held in the case of McCarley vs. Davis and others, 1 McM. 34, that sureties on a prison bounds bond were liable for the default of.their principal, that had been established by the verdict of a jury, in reference to a matter that had been put in issue on the application of the principal for his discharge. Upon the same principle, would it not be reasonable that sureties should be exhonorated from liability, in reference to any matters involved in the issues growing out of objections to the discharge of their principal, and which had been found in his favor'? Where a prisoner has been refused his discharge for the violation of some of the conditions of his bond, the liability of his sureties becomes thereby conclusively fixed; and, vice versa, should not the sureties be relieved from liability, where the principal has been exhonerated from the violation of all the conditions of his bond? Justice would seem to require the application of the same rule. Where prison rales have been violated, in particulars that were never put in issue, but which may have been brought to light by subsequent disclosures, a different rule may very well obtain, upon the ground that they were not embraced in the verdict, and are, therefore, open to new consideration. In the case before the court, the jury decided that Allen, for whom defendant was security, had, before the trial of the issues made on the motion for his discharge, duly rendered, on oath, a schedule, within forty days after his arrest, in conformity with the provisions of the insolvent debtor’s Act; *41 ■ and there was no appeal from that decision, but an appar-ant acquiescence in it. Under these circumstances, has not the defendant a right to take protection under the verdict, from liability to the action 1 But. if we look behind the verdict, we can perceive nothing to induce us to say that- it was not well found. Allen had sworn to the contents of his schedule, before he had leave to amend it. The oath had been taken on a schedule,' the' caption of which was indicatory of a design to take advantage of the prison bounds Act, but whose contents were the same as of that subsequently filed. We might well regard the second schedule as a duplicate of the first, and as connected with it in the same general design ; the one had what the other wanted, and, both being taken together, they embraced enough to be a compliance with the requisitions of the insolvent debtor’s Act. One thing is apparent, the debtor was guilty of no wilful design to violate any of the conditions of his bond. He was prevented from taking the oath on the second schedule, by the officer authorised to administer it; and when he took the oath by the leave of- the Judge who was presiding at his discharge, he was but fulfilling his original design, and not making an oath on a new state of things ; and was supplying an omission originating in mistake, and one over which he had no actual control. The oath, On the second schedule, should be regarded but as a substitute for the first, which had been lost before the trial.
The case comes very well within the reason of the principle laid down in the case of Crovat vs. Coburn, 3 McC. 14; in which it was held that a defendant who has given his bond for the prison bounds, may be allowed to file his schedule, nunc fro tunc, after the forty days, where it had not been done during the forty days, on account of the sickness of his attorney, and no neglect on the defendant’s part; the schedule having been left with the attorney before the expiration'of the forty days. Motion refused.
Richardson, O’Neall, Evans and Wardlaw, JJ. concurred.